## FISHER *versus* TRUE.

Where a sale of property is alleged to have been fraudulent, the vendee cannot give in evidence the declarations of the vendor in previously offering to sell the same to other persons.

Nor can he show that he was *advised* to purchase it.

But one having a right to impeach the sale, may give in evidence the declarations of the vendor tending to show a fraudulent intent, made *before* the sale.

EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

TROVER.

The defendant justified the taking of the goods declar-

ed for, as an officer on a writ in favor of one Lincoln v. H. G. O. Weston, and that they were the property of Weston.

The plaintiff introduced three bills of sale from Weston to himself, dated respectively the 10th, 12th and 18th of April, 1848. The note declared on, in writ Lincoln v. Weston, was dated April 20, 1847, and was payable in one year from date. It was contended by the defendant, that the sale of Weston to plaintiff was *fraudulent*. Weston was not called as a witness, but the plaintiff, to rebut the fraudulent intent of Weston, proved by one Allen, that prior to the sale Weston had offered to sell the goods to him more than once; and by one Shaw, that he had offered to sell the same goods to him. To the introduction of this testimony the defendant objected, but it was received by the Court. To negative fraud on the part of Fisher, the plaintiff also called Allen to testify, that prior to said Fisher's purchase he had advised him to purchase. The defendant objected to the admissibility of this testimony, but it was received.

The defendant offered to prove the declarations of Weston, made while in the store which contained these goods, and while selling them, a week before the note became due, tending to show, that the sale on his part was fraudulent, but it was excluded by the Court.

The defendant offered to prove the declarations of Weston, made in his store at the time of the attachment of these goods, tending to show the sale fraudulent, but they were excluded by the Court.

The defendant offered to show, that some time before the note became due Weston told Jones, the then holder of the note, that he had sold out in order to prevent an attachment, which was excluded by the Court.

To these rulings the defendant excepted.

*Knowles*, in support of the exceptions, cited *Corinna* v. *Exeter*, 13 Maine, 321; *Baker* v. *Briggs*, 8 Pick. 122; *Greene* v. *Harriman*, 14 Maine, 32; *Flagg* v. *Wellington*,

6 Maine, 386; *Howe* v. *Reed*, 12 Maine, 515; *Bridge* v. *Eggleston*, 14 Mass. 245; *Parker* v. *Marston*, 34 Maine, 386.

*Waterhouse*, for plaintiff, cited *Bridge* v. *Eggleston*, 14 Mass. 245.

The opinion of the Court, concurred in by HOWARD, HATHAWAY and CUTTING, J. J., was drawn up by

SHEPLEY, C. J. — The trial took place in October, 1851. The exceptions are first presented for consideration in July, 1854.

The plaintiff claimed to be the owner of certain goods by purchase from H. G. O. Weston, during the month of April, 1848. The defendant, as sheriff, caused them to be attached as the property of Weston, on a writ against him in favor of Lincoln, and alleged, that the sale from Weston to the plaintiff was fraudulent.

The plaintiff was permitted to introduce the testimony of Allen and Shaw, to prove that Weston, before he sold the goods to the plaintiff, offered to sell the same goods to them.

The general rule is, that the declarations of one, who may be a competent witness, cannot be received in evidence. To admit them would be to allow that person to affect the rights of others without assuming the obligations imposed by an oath, and would deprive the party of a right to have him state all facts under that sanction.

The declarations of Weston made to Allen and Shaw, were not suited to prove any fact necessary to be established; and they did not constitute a part of the *res gestæ* of any transaction. They were erroneously admitted.

The declarations of Weston made before, not after the sale, and tending to prove the sale on his part to the plaintiff to have been fraudulent, should for that purpose have been received in evidence. *Howe* v. *Reed*, 3 Fairf. 515. The reason for this exception to the general rule is, that one fact to be established by the defence was his fraudulent

intention in making that sale, which might be inferred from his declarations respecting it or respecting other sales made by him about the same time. His declarations made to Jones while holder of the note by virtue of which the attachment was made, respecting the sale of the same goods to another person to prevent an attachment of them, were admissible. His declarations made subsequent to the sale, and having a tendency to impeach it, were correctly excluded. .

The testimony of Allen, that he advised the plaintiff to purchase the goods, should not have been received. It only recited a conversation between others than the parties to the sale and purchase. It could have no legitimate tendency to prove what was the true character of the sale subsequently made. *Exceptions sustained, verdict set aside,*
*and new trial granted.*